**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DAPHNE MCELROY, BRAYONE MURFF, and JASON HAYNES, Individually, and all Similarly Situated Persons,** | ) | **Case No.** |
| **Plaintiffs,** | ) | **Judge** |
| **v.** | ) | **Magistrate Judge** |
| **Comptroller, in their Official Capacity as the CITY OF CHICAGO Comptroller, and the CITY OF CHICAGO,** | ) | **JURY DEMAND** |
| **Defendants.** | ) | |

**CLASS ACTION COMPLAINT**

NOW COMES the Plaintiffs, DAPHNE MCELROY, BRAYONE MURFF, and JASON HAYNES, Individually, and On Behalf of All Similarly Situated Persons, by and through their attorneys, GREGORY E. KULIS & ASSOCIATES, LTD. and complaining against the Defendants, CITY OF CHICAGO and Comptroller, in their official capacity as CITY OF CHICAGO Comptroller, respectfully state as follows:

**PARTIES**

1. This action is brought pursuant to the laws of the United States Constitution, specifically, 42 U.S.C. §1983 and §1988, and the laws of the State of Illinois, to redress deprivations of the Civil Rights of the Plaintiffs, DAPHNE MCELROY, BRAYON MURFF, and JASON HAYNES, Individually, and on behalf of All Similarly Situated Persons, accomplished by acts and/or omissions of the Defendant, CITY OF CHICAGO, committed under color of law.

2. Jurisdiction is based on Title 28 U.S.C. §1343 and §1331 and supplemental jurisdiction of the State of Illinois.

3. The Plaintiffs, DAPHNE MCELROY, BRAYONE MURFF, and JASON HAYNES, at all relevant times, were residents of Cook County in the State of Illinois.

4. The Defendant, CITY OF CHICAGO, was at all relevant times a duly created municipal entity.

## FACTUAL ALLEGATIONS

5. This cause of action is brought on behalf of the individuals who have sued the CITY OF CHICAGO.

6. The number of individuals were subject to this illegal seizure of a portion of their settlement proceeds.

7. During 2025, the Plaintiffs and other members comprising the putative class were Plaintiffs who filed actions against the CITY OF CHICAGO and its employees.

8. The Plaintiffs and other members of the class had a reasonable expectation of the benefit of their funds pursuant to settlement agreements with the CITY OF CHICAGO.

9. The Plaintiffs and other members of the class over the past several years have filed various types of lawsuits against the CITY OF CHICAGO and its employees.

10. In late 2024 and 2025, the Plaintiffs and other members of the punitive class have settled their claims against employees of/and the CITY OF CHCAGO.

11. The CITY OF CHICAGO on or about December 16th, 2024 passed ordinance 1-19-040 which states:

> " (a) Prior to paying any person who is entitled to payment from the City, including, but not limited to, any person entitled to a settlement payment, a judgment payment, a contract price payment, or a refund payment, the

Comptroller shall perform a debt check to determine if that person has an outstanding debt due and owing to the City.

(b) If the debt check required under subsection (a) reveals that the person entitled to payment from the City has an outstanding debt due and owing to the City, the Comptroller shall set off against such payment the amount of the debt due and owing to the City, including all associated interest, fees, and expenses. The Comptroller shall fully apply the set off amount before paying the remaining payment amount to the person entitled to payment from the City.

(c) Nothing in this section shall preclude the City from seeking to collect any debt due to the City through the use of any administrative procedure or court proceeding authorized by law.

(d) The Comptroller is authorized to adopt rules for the proper administration and implementation of this section.

(Added Coun. J. 12-16-24, p. 21956, § 1)"

12. In 2024, DAPHNE MCELROY and BRAYONE MURFF filed a civil rights claim against Chicago Police Officers.

13. In 2025, DAPHNE MCELROY and BRAYONE MURFF settled their claim with the Defendant officers and the CITY OF CHICAGO **(See Exhibit A).**

14. Upon the settlement of the DAPHNE MCELROY and BRAYONE MURFF claims, the Plaintiffs were not apprised of this ordinance in any negotiations or within the settlement agreement.

15. Upon the settlement on the Plaintiffs claims, the Plaintiffs were not apprised by the Comptroller of the CITY OF CHICAGO or any employees of the CITY OF CHICAGO that they had an outstanding alleged debt due and owing the CITY OF CHICAGO.

16. The CITY OF CHICAGO never filed any lien against the Plaintiff's DAPHNE MCELROY and BRAYONE MURFF.

17. The Comptroller of the CITY OF CHICAGO did not provide the Plaintiff DAPHNE MCELROY or BRAYONE MURFF any notice to the Plaintiff of any claims.

18. Upon time for payment the Plaintiffs, through their attorney, sent a legal assistant to pick up the settlement check (normal practice) at the Comptroller's office.

19. Upon arrival of the legal assistant to pick up the settlement check for DAPHNE MCELROY and BRAYONE MURFF, a check was tendered for $500 less than the settlement of $15,000.00.

20. No explanation was provided.

21. No copy of a lien was provided.

22. The legal assistant was told to take the check or not; that the Comptroller had reduced the funds.

23. The Plaintiff DAPHNE MCELROY was not put on any notice of a claim and no legal action was taken by the Comptroller to provide DAPHNE MCELROY and BRAYONE MURFF with any due process prior to the taking of the funds.

24. The Plaintiff BRAYONE MURFF was not put on any notice of a claim and no legal action was taken by the Comptroller to provide DAPHNE MCELROY and BRAYONE MURFF with any due process prior to taking the funds.

25. In 2024, the Plaintiff JASON HAYNES filed a claim against officers of the Chicago Police Department and the CITY OF CHICAGO (Case No. 2024L004654).

26. On or about April 2025, the matter was settled for $26,500.00 **(See Exhibit B).**

27. Upon time for payment, the Plaintiff, through their attorneys, sent a legal assistant to pickup the settlement check (normal procedure) at the Comptroller's office.

28. Upon arrival of the legal assistant to pick up the settlement check for JASON HAYNES, the check to be tendered was $25,980.00, which was less than the originally stated and agreed settlement of $26,500.00 **(See Exhibit C).**

29. No explanation was provided.

30. No judgement or lien was provided.

31. The legal assistant was told to take the check or not; that the Comptroller had reduced the funds.

32. Plaintiff JASON HAYNES was not put on any notice of a claim and no legal action was taken by the Comptroller to provide JASON HAYNES with any due process prior to taking his funds.

33. The actions of the CITY OF CHICAGO Comptroller constituted a taking without due process under the Fourteenth Amendment as protected by 42 U.S.C. 1983.

34. No notice was provided to the Plaintiff agents/attorneys of any such lien.

35. No such lien was filed against the Plaintiff's filed lawsuits.

36. No right to challenge or question the amounts or procedures for calculating any deduction or taking was provided to the Plaintiffs by the Comptroller or the City of Chicago.

37. The Comptroller, without providing notice in advance, computation, or ways to challenge the act of the Comptroller or their calculations, violated the Plaintiffs' due process rights.

38. The actions of the comptroller was intentional, willful, and wanton.

39. The Plaintiffs are entitled to return of their funds.

**WHEREFORE,** the individual Defendants pray for judgement as follows:

i. DAPHNE MCELROY, BRAYONE MURFF:

ii. JASON HAYNES:

iii. Attorney fees and costs

**COUNT II – MONELL POLICY**

1-39. The Plaintiffs hereby reallege and incorporate their allegations of paragraphs 1-39 of Count I as their respective allegations of paragraphs 1-31 of Count II as though fully set forth herein.

40. The CITY OF CHICAGO has a practice and policy of running names of individuals who are owed money by the CITY OF CHICAGO to determine if a matching name may owe the CITY OF CHICAGO.

41. The CITY OF CHICAGO failed to notify the individuals that money may be owed to the CITY OF CHICAGO or to apprise them of such.

42. The CITY OF CHICAGO failed to lien any litigation in advance.

43. The CITY OF CHICAGO failed to provide notice to an individual whose settlement money is reduced or any documentation explaining the substantive authority to take the individual’s money.

44. Said actions by the CITY OF CHICAGO is taking without due process in violation of the Fourteenth Amendment.

45. As a result of this custom, procedure, and policy, the individuals were deprived of their due process.

46. The custom, practice, procedure, or policy is the driving force behind the unlawful procedure of the driving force for the reduction owed to the Plaintiffs and other individuals.

**WHEREFORE**, the Plaintiff prays for the judgement against the CITY OF CHICAGO for funds taken from the Plaintiffs plus attorney's fees and costs.

## COUNT III – UNCONSTITUTIONAL STATUTE

1-46. The Plaintiff hereby realleges and incorporates paragraph 1-46 of Count II as their respective allegations of 1-46 of Count III as though fully set forth herein.

47. The ordinance passed by the CITY OF CHICAGO fails to provide due process to individuals whose money is taken in one or more of the following:

a. Allows the Comptroller to make a determination on its own

b. Fails to provide notice before the taking

c. Fails to require any lien or notice

d. Fails to provide a hearing to challenge the validity of the amount

48. Said ordinance violates the Due Process clause of the Fourteenth Amendment.

49. Plaintiffs contend that the statute as written is unconstitutional in violation of Due Process Clause of the Fourteenth Amendment.

50. This court should determine this ordinance to be unconstitutional.

**WHEREFORE,** the Plaintiff pray that this court declare the CITY OF CHICAGO Ordinance 1-19-040 as unconstitutional and award attorney fees and costs.

## COUNT IV CLASS ALLEGATIONS/FRCP 27

1-50. The Plaintiff hereby realleges and incorporates their allegations of paragraph 1-50 of Count III as their respective allegations of paragraph 1-50 of Count IV as though fully set forth herein.

51. Plaintiff brings this action pursuant to FRCP 27 on behalf of a putative class of similarly situated individuals (the potential class) defined as follows:

a. All individuals who were paid money by the City of Chicago from January 2025 to present and ongoing that had an agreement for payment from the City of Chicago but had found deductions by the Comptroller for alleged money due to the CITY OF CHICAGO.

b. The members of the putative class are so numerous that joinder of all members in impracticable, as the CITY OF CHICAGO is constantly paying entities/individuals for contractual work or for settlements of claims.

52. Common question of law and fact exist as to all members of the putative class including but not limited to:

a. Whether the comptroller gave notice to the class members whose money was taken was put on notice

b. Whether the individuals had a right to challenge the finding

c. Whether the individuals had the right and notice of the money held by the comptroller.

d. Whether funds from that individual were actually due.

53. Common questions of law and fact that exist as to the putative class predominate over question of any, affecting solely individual putative class members.

54. The named Plaintiffs herein will fairly and adequately protect the interests of the members of the putative class. Plaintiffs have retained competent counsel experienced in class action litigation in state and federal courts in this area and the surrounding legal community, and

Plaintiffs have no interests adverse to any member of the putative class. Plaintiffs intend to prosecute this case vigorously on behalf of themselves and the putative class.

55. Plaintiffs DAPHNE MCELROY, BRAYONE MURFF, and JASON HAYNES have acted on grounds generally applicable to the entire putative class, to the same warrant.

56. A class action is an appropriate method for the fair and efficient adjudication of this controversy, because it involves a uniform course of conduct equally applicable to all members of the putative class as well as the individually named Plaintiffs herein. A class action can therefore best secure the interests of time, effort, expense, and judicial economy and can accomplish the other ends of equity and justice that this action seeks to obtain.

**WHEREFORE**, the Plaintiffs pray for the class certification and judgment on behalf of the class members plus attorney's fees and costs.

**COUNT V – INJUNCTIVE RELIEF**
**COMPTROLLER (IN THEIR OFFICIAL CAPACITY)**

1-56. The Plaintiffs hereby reallege and incorporate their allegations of paragraphs 1-56 of Count IV as their respective allegations of paragraphs 1-56 of Count V as though fully set forth herein.

57. The Defendants still are taking money from individuals and entities who are owed money through contracts and their money withheld by the Comptroller.

58. The Defendant, Comptroller and the CITY OF CHICAGO, continued to take funds from entities and individuals without liens, notice, hearings, or documentation.

59. The Plaintiffs and prospective class members are entitled to return all funds taken from them without notice or ways to challenge the taking.

60. Plaintiffs are seeking injunctive relief in the form of an order requiring the Defendants to turn over all records of the Plaintiffs and prospective class members.

61. There is a strong likelihood of success that a court will determine that the Defendants have no such records to support this taking of property without due process.

62. The Defendants should be enjoined from taking funds without notice, documentation provided, and hearings.

63. Plaintiffs have no adequate remedy at law to prevent the CITY OF CHICAGO and the Comptroller from continuing to take money without notice, and the right to a hearing.

**WHEREFORE**, the Plaintiffs pray that this Honorable Court grant the appropriate injunction relief against the CITY OF CHICAGO and the Comptroller, in their official capacity as Comptroller ordering the current actions of taking money from proposed class members and future members without notice and hearings.

**JURY DEMAND**

The Plaintiffs, DAPHNE MCELROY, BRAYONE MURFF, and JASON HAYNES, individually, and on behalf of all Similarly Situated Persons hereby requests a trial by jury.

Respectfully Submitted,

/s/ Gregory E. Kulis
Gregory E. Kulis & Associates, Ltd.

Gregory E. Kulis & Associates, Ltd
134 N. LaSalle Street, Suite 444
Chicago, IL 60602
p. (312) 580-1830